UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHY MCCARTER f/k/a KATHY COFFMAN, | ) ) ) Case No. |
| Plaintiff, | ) ) ) |
| v. | ) **COMPLAINT** |
| CREDIT BUSINESS SERVICES, INC., | ) ) ) |
| | ) **JURY DEMANDED** |
| Defendant. | ) |

Now comes the Plaintiff, KATHY MCCARTER f/k/a KATHY COFFMAN, by and through her attorneys, and for her Complaint against the Defendant, CREDIT BUSINESS SERVICES, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Greenfield, Indiana.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Florida, which is not licensed to do business in Indiana, and which has its principal place of business in Fort Walton Beach, Florida.

## FACTS COMMON TO ALL COUNTS

9. On or about July 21, 2014, Plaintiff communicated with an employee, agent and/or representative of Defendant, who was attempting to collect the aforementioned alleged debt.

10. During said communication, Plaintiff informed Defendant's employee, agent and/or representative that she had retained the services of a law firm to file for bankruptcy protection, and provided the law firm's contact information.

11. Defendant's employee, agent and/or representative responded by stating to Plaintiff that she could not file for bankruptcy protection as to the alleged debt Defendant was attempting to collect.

12. Defendant's employee, agent and/or representative also threatened Plaintiff that she could be arrested for not paying the alleged debt.

13. Defendant's employee(s), agent(s) and/or representative(s) communicated with Plaintiff under the names "Safecheck" and/or "C.B. Services," rather than under the Defendant's actual corporate name.

14. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

15. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer humiliation, embarrassment, stress, aggravation, emotional distress and mental anguish.

**COUNT I**

16. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

17. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

18.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

19.    Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

20. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, where such action was unlawful and/or Defendant not intend to take such action.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

22. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

24. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

26.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

27.    Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

KATHY MCCARTER f/k/a KATHY COFFMAN

By: /s/ David P. Leibowitz

David P. Leibowitz
Illinois Attorney No. 1612271
(Licensed in Southern District of Indiana)
Upright Litigation LLC
25 E. Washington Street
Suite 400
Chicago, IL 60602
Phone:  (877) 352-8292
Fax:  (866) 359-7478
dleibowitz@lawsolutionsbk.com